**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| MOTIVA PATENTS, LLC, | CIVIL ACTION NO. 9:18-cv-180 |
| Plaintiff, | ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT |
| v. | **JURY TRIAL DEMANDED** |
| SONY CORPORATION & SONY INTERACTIVE ENTERTAINMENT, INC., | |
| Defendants. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Motiva Patents, LLC ("Motiva" or "Plaintiff") files this original complaint against Sony Corporation and Sony Interactive Entertainment, Inc. ("Sony" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1.      Motiva is a limited-liability company formed under the laws of the State of Texas, with its principal place of business at 2322 Pinehurst St., Tyler, Texas 75703.

2.      Defendant Sony Corporation is a Japanese corporation with its corporate headquarters located at 1-7-1 Konan, Minatoku, Tokyo, 108-0075, Japan.

3.      Defendant Sony Interactive Entertainment, Inc. is a Japanese corporation with a place of business at 1-7-1 Konan, Minatoku, Tokyo, 108-0075, Japan.

## JURISDICTION AND VENUE

4.      This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c)(3). Defendants are foreign corporations and may be sued in this judicial district.

6.      Sony is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

7.      Specifically, Sony intends to do and does business in Texas, directly or through intermediaries and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Eastern District of Texas.

## THE TECHNOLOGY

8.      The patents-in-suit, U.S. Patent Nos. 7,292,151, 7,952,483, 8,159,354, 8,427,325, 9,427,659 (collectively, the "Asserted Patents"), teach systems, including video game systems, for tracking a user's movement, position, and/or orientation. Specifically, the systems include one or more hand-held transponders that are in communication with a processing system, such as a computer. Using sensors located on the transponder, such as gyroscopes and accelerometers, along with external sensors, the transponder's movement, position, and orientation are tracked

and portrayed on a digital display. The transponder can also include buttons or other input mechanisms that enable the user to manipulate virtual objects in 3D.

COUNT I

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,292,151**

9.      On November 6, 2007, U.S. Patent No. 7,292,151 ("the '151 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Human Movement Measurement System."

10.      Motiva is the owner of the '151 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '151 Patent against infringers, and to collect damages for all relevant times.

11.      Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems, including its PlayStation VR (including, for example, the PlayStation 4, PlayStation 4 Slim, PlayStation 4 Pro, PS VR headset, processing unit, Camera, Move Controllers, DualShock 4 Controller, and/or Aim Controller) virtual reality systems ("Accused PlayStation VR Products"):



(https://www.playstation.com/en-us/explore/playstation-vr/gallery/)



(https://youtu.be/a-_-cHTjHgg)

12.     By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 28 of the '151 Patent. Defendant's infringement in this regard is ongoing.

13.     Sony has infringed the '151 Patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale systems for tracking movement of a user.

14.     The accused products include a first communication device comprising a transmitter for transmitting signals, a receiver for receiving signals and an output device, said first communication device adapted to be hand-held.

15.     The accused products include a processing system, remote from the first communication device, for wirelessly receiving said transmitted signals from said first communication device, said processing system adapted to determine movement information for said first communication device and sending data signals to said first communication device for providing feedback or control data.

16.     The accused products include wherein said first communication device receives and processes said data signals from said processing system and wherein the output device provides sensory stimuli according to the received data signals.

17.     The accused products include a second communication device, adapted to be hand held, in electrical communication with the first communication device, with the processing system adapted to determine movement information of the second communication device relative to the first communication device.

18.     The accused products include wherein said processing system is adapted to determine movement information for both said first and second communication devices and to calculate a displacement vector from said movement information.

19.     Motiva has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Motiva in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20.     Motiva and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '151 Patent.

## COUNT II

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,952,483

21.     On May 31, 2011, U.S. Patent No. 7,952,483 ("the '483 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Human Movement Measurement System."

22.     Motiva is the owner of the '483 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '483 Patent against infringers, and to collect damages for all relevant times.

23.     Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems, including its Accused PlayStation VR Products:



(https://www.playstation.com/en-us/explore/playstation-vr/gallery/)



(https://youtu.be/a-_-cHTjHgg)

24.     By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 44 of the '483 Patent. Defendant's infringement in this regard is ongoing.

25.     Sony has infringed the '483 Patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale systems for a user to play a video game.

26.     The accused products include a first hand-held communication device comprising a transmitter for transmitting signals, a receiver for receiving signals, and an output device.

27.    The accused products include a second hand-held communication device adapted to electrically communicate with the first communication device, and adapted for being attached to, in contact with, or held by the user, the second hand-held communication device comprising a transmitter for transmitting signals.

28.    The accused products include a processing system, remote from the first hand-held communication device, adapted to wirelessly receive the signals transmitted by the transmitter of the first hand-held communication device, to determine movement information for each of the respective communication devices, and to send data signals to the receiver to provide feedback data to the user.

29.    The accused products include an interactive interface such that the movement information of the first hand-held communication device controls the movement of at least one object in a computer generated virtual environment.

30.    The accused products include wherein the first hand-held communication device is adapted to receive and process the received data signals and generate sensory stimuli for the user, based on the received data signals, the sensory stimuli delivered through the output device.

31.    The accused products include wherein the first hand-held communication device is further comprised of a user input device adapted for communication with the processing system through the transmitter.

32.    The accused products include wherein the user input device is adapted for calibrating the first communication device to establish a reference position.

33.    Motiva has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Motiva in an amount that adequately compensates it

for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34.     Motiva and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '483 Patent.

**COUNT III**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,159,354**

35.     On April 17, 2012, U.S. Patent No. 8,159,354 ("the '354 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Human Movement Measurement System."

36.     Motiva is the owner of the '354 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '354 Patent against infringers, and to collect damages for all relevant times.

37.     Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems, including its Accused PlayStation VR Products:



(https://www.playstation.com/en-us/explore/playstation-vr/gallery/)



(https://youtu.be/a-_-cHTjHgg)

38.     By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 49 of the '354 Patent. Defendant's infringement in this regard is ongoing.

39.     Sony has infringed the '354 Patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale systems for a user to play a video game.

40.     The accused products include a first hand-held communication device comprising a transmitter for transmitting signals, a receiver for receiving signals, and an output device.

41.     The accused products include a a processing system, remote from the first hand-held communication device, adapted to wirelessly receive the signals transmitted by the transmitter, to determine movement information for the first hand-held communication device.

42.     The accused products include wherein the movement information of the first hand-held communication device controls the movement of at least one object in a computer generated virtual environment.

43.     The accused products include wherein the first hand-held communication device is adapted to receive and process the received data signals and generate sensory stimuli for the user, based on the received data signals and delivered through the output device.

44.     The accused products include wherein the processing system is adapted to determine the three-dimensional position of the first hand-held communication device and wherein the object is controlled in a virtual three-dimensional environment.

45.     Motiva has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Motiva in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46.     Motiva and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '354 Patent.

## COUNT IV

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,427,325

47.     On April 23, 2013, U.S. Patent No. 8,427,325 ("the '325 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Human Movement Measurement System."

48.     Motiva is the owner of the '325 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '325 Patent against infringers, and to collect damages for all relevant times.

49.     Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems, including its Accused PlayStation VR Products:



(https://www.playstation.com/en-us/explore/playstation-vr/gallery/)



(https://youtu.be/a-_-cHTjHgg)

50.     By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '325 Patent. Defendant's infringement in this regard is ongoing.

51.     Sony has infringed the '325 Patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale systems for a user to play a video game.

52.     The accused products include a first hand-held communication device comprising a transmitter for transmitting signals, a receiver for receiving signals, an output device, a motion detector, and a user input device resident on the first hand-held communication device.

53.     The accused products include a processing system, remote from the first hand-held communication device, adapted to wirelessly receive the signals transmitted by the transmitter, to determine motion information for the first hand-held communication device, and to send data signals to the first hand-held device to provide feedback data to the user, wherein the output device responds to the feedback data.

54.     The accused products include wherein the motion information of the first hand-held communication device affects movement of at least one object in a computer generated virtual environment.

55.     The accused products include wherein the first hand-held communication device is adapted to receive and process the data signals and generate sensory stimuli for the user based on the data signals and delivered through the output device.

56.     Motiva has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Motiva in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57.     Motiva and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '325 Patent.

## COUNT V

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,427,659

58.     On August 30, 2016, U.S. Patent No. 9,427,659 ("the '659 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Human Movement Measurement System."

59.     Motiva is the owner of the '659 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '659 Patent against infringers, and to collect damages for all relevant times.

60.     Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems, including its Accused PlayStation VR Products:



(https://www.playstation.com/en-us/explore/playstation-vr/gallery/)



(https://youtu.be/a-_-cHTjHgg)

61.     By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 45 of the '659 Patent. Defendant's infringement in this regard is ongoing.

62.     Sony has infringed the '659 Patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale wireless video game systems for detecting motion.

63.     The accused products include a remote processing system for placement at a distance from a user.

64.     The accused products include a first hand-held game controller comprised of an accelerometer, a transmitter that sends wireless signals to the remote processing system, a receiver that receives wireless signals from the remote processing system, a user input device on the exterior of the first hand-held game controller, an output device, a data storage memory, and a processing system in communication with the accelerometer, transmitter, receiver, user input device, output device, and data storage memory.

65.     The accused products include a processing system programmed with one or more software routines executing on the processing system to: 1) receive input relating to motion of the first hand-held game controller and provide data to the output device for outputting feedback based on the motion of the first hand-held game controller; 2) receive user input data from the user input device and, and in response to the user input data, output control data for communication to the remote processing system; 3) output data for communication to the remote processing system for controlling motion of a first virtual object displayed in a computer generated virtual environment displayed on a remote display and where the motion of the first virtual object is in proportion with the motion of the first hand-held game controller.

66.     Motiva has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Motiva in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

67.     Motiva and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '659 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

68.     Defendant has also indirectly infringed the Asserted Patents by inducing others to directly infringe the Asserted Patents. Defendant has induced the end-users, Defendant's customers, to directly infringe (literally and/or under the doctrine of equivalents) the Asserted Patents by using the accused products. Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit, including, for example, Claim 28 of the '151 Patent, Claim 44 of the '483 Patent, Claim 49 of the '354 Patent, Claim 1 of the '325 Patent, and Claim 45 of the '659 Patent. Such steps by Defendant included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the Asserted Patents and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the Asserted Patent. Defendant's inducement is ongoing.

69.     Defendant has also induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe (literally and/or under the doctrine of equivalents) the Asserted Patents by importing, selling, or offering to sell the accused products. Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringes one or more claims of the

patents-in-suit, including, for example, Claim 28 of the '151 Patent, Claim 44 of the '483 Patent, Claim 49 of the '354 Patent, Claim 1 of the '325 Patent, and Claim 45 of the '659 Patent. Such steps by Defendant included, among other things, making or selling the accused products outside of the United States for importation into or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or their behalf, to import, sell, or offer to sell the accused products in an infringing manner. Defendant performed these steps, which constitute induced infringement, with the knowledge of the Asserted Patents and with the knowledge that the induced acts would constitute infringement. Defendant performed such steps in order to profit from the eventual sale of the accused products in the United States. Defendant's inducement is ongoing.

70.     Defendant has also indirectly infringed by contributing to the infringement of the Asserted Patents. Defendant has contributed to the direct infringement of the Asserted Patents by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the Asserted Patents, including, for example, Claim 28 of the '151 Patent, Claim 44 of the '483 Patent, Claim 49 of the '354 Patent, Claim 1 of the '325 Patent, and Claim 45 of the '659 Patent. The special features include, for example, a processing system that receives wireless signals from a remote communication device and determines movement information for the remote communication device that is used in a manner that infringes the Asserted Patents. The special features constitute a material part of the invention of one or more of the claims of the Asserted Patents and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

71.     Defendant also has knowledge of the Asserted Patents at least as of the date when it was notified of the filing of this action.

72.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Motiva's patent rights.

73.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

74.     Defendant's direct and indirect infringement of the Asserted Patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Motiva's rights under the patent.

75.     Motiva has been damaged as a result of the infringing conduct by defendant alleged above. Thus, Defendant is liable to Motiva in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Motiva hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Motiva requests that the Court find in its favor and against Defendant, and that the Court grant Motiva the following relief:

a.     Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or all others acting in concert therewith;

b.     A permanent injunction enjoining Defendant and its officers, directors, agents,

servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities;

       c.      Judgment that Defendant accounts for and pays to Motiva all damages to and costs incurred by Motiva because of Defendant's infringing activities and other conduct complained of herein;

       d.      Judgment that Defendant's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

       d.      That Motiva be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

       e.      That this Court declare this an exceptional case and award Motiva its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

       f.      That Motiva be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 3, 2018               Respectfully submitted,

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com
Christopher Ryan Pinckney

Texas Bar No. 24067819
ryan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
The People's Petroleum Building
102 N College Ave., 13th Floor
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Motiva Patents, LLC*