IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MOTIVA PATENTS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 9:18-CV-00180-JRG |
| § | |
| SONY CORPORATION and § | JURY TRIAL DEMANDED |
| SONY INTERACTIVE ENTERTAINMENT § | |
| INC., § | |
| § | |
| Defendants. § | |

**DEFENDANTS ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Sony Corporation and Sony Interactive Entertainment Inc. (collectively "Sony" or "Defendants"), by and through its undersigned counsel, hereby answer the Original Complaint for Patent Infringement ("Complaint") of Plaintiff Motiva Patents, LLC ("Motiva") as follows:

1

## PARTIES[1]

1.    Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore denies them.

2.    Sony Corporation admits that it is a Japanese corporation. Sony Corporation states that its principal place of business is located at 1-7-1 Konan, Minatoku, Tokyo, 108-0075, Japan. Sony denies the remaining allegations of paragraph 2.

3.    Sony Interactive Entertainment Inc. admits that it is a Japanese corporation with its principal place of business at 1-7-1 Konan, Minatoku, Tokyo, 108-0075, Japan.

## JURISDICTION AND VENUE

4.    The allegations in paragraph 4 state a legal conclusion to which no response is required. To the extent any response is deemed to be required, Sony admits that Motiva purports to allege an action for patent infringement arising under the patent laws of the United States. Sony further admits that the Complaint purports to assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Sony denies that the Complaint sets forth a valid or meritorious claim for patent infringement.

5.    The allegations in paragraph 5 state a legal conclusion to which no response is required. To the extent any response is deemed to be required, Sony denies that venue is proper in this district because this district does not have personal jurisdiction over Sony. Sony further denies that this district is a convenient forum for this case.

6.    The allegations in paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, Sony denies that it is subject to general or specific

---

[1] To the extent Motiva intends the headings in its Complaint to constitute allegations, Sony denies them. The headings in Sony's Answer do not constitute responses to any allegation.

personal jurisdiction in this district.

7. Denied.

## THE TECHNOLOGY

8. Sony admits that U.S. Patent Nos. 7,292,151, 7,952,483, 8,159,354, 8,427,325, 9,427,659 (collectively, the "Asserted Patents") are the subjects of this lawsuit. Sony denies that the summary provided by Motiva accurately characterizes the Asserted Patens.

## COUNT I

## U.S. PATENT NO. 7,292,151

9. Sony admits that the face of U.S. Patent No. 7,292,151 (the "'151 Patent") bears an issue date of November 6, 2007 and the title "Human Movement Measurement System." Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9, and therefore denies them.

10. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and therefore denies them.

11. Sony denies that it has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale within the United States any of the products and/or systems alleged in paragraph 11.[2] Sony also notes that the webpage images that are included in paragraph 11 are from a website that is not maintained or operated by either of the named Defendants.

12. Denied.

13. Denied.

---

[2] It is not clear which product is referred to by the term "processing unit," and Sony's response to the allegations of this paragraph 11 and other similar allegations in the Complaint address only the specifically named products listed therein.

3

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Sony denies that Motiva is entitled to any pre-filing damages. Sony lacks knowledge or information to form belief as to the truth to the remaining allegations set forth in paragraph 20, and therefore denies them.

## COUNT II

## U.S. PATENT NO. 7,952,483

21. Sony admits that the face of U.S. Patent No. 7,952,483 (the "'483 Patent") bears an issue date of May 31, 2011 and the title "Human Movement Measurement System." Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21, and therefore denies them.

22. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, and therefore denies them.

23. Sony denies that it has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale within the United States any of the products and/or systems alleged in paragraph 23. Sony also notes that the webpage images that are included in paragraph 23 are from a website that is not maintained or operated by either of the named Defendants.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Sony denies that Motiva is entitled to any pre-filing damages. Sony lacks knowledge or information to form belief as to the truth to the remaining allegations set forth in paragraph 34, and therefore denies them.

## COUNT III

### U.S. PATENT NO. 8,159,354

35. Sony admits that the face of U.S. Patent No. 8,159,354 (the "'354 Patent") bears an issue date of April 17, 2012 and the title "Human Movement Measurement System." Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35, and therefore denies them.

36. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36, and therefore denies them.

37. Sony denies that it has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale within the United States any of the products and/or systems alleged in paragraph 37. Sony also notes that the webpage images that are included in

paragraph 37 are from a website that is not maintained or operated by either of the named Defendants.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Sony denies that Motiva is entitled to any pre-filing damages. Sony lacks knowledge or information to form belief as to the truth to the remaining allegations set forth in paragraph 46, and therefore denies them.

## COUNT IV

### U.S. PATENT NO. 8,427,325

47. Sony admits that the face of U.S. Patent No. 8,427,325 (the "'325 Patent") bears an issue date of April 23, 2013 and the title "Human Movement Measurement System." Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 47, and therefore denies them.

48. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48, and therefore denies them.

49. Sony denies that it has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale within the United States any of the products and/or

systems alleged in paragraph 49. Sony also notes that the webpage images that are included in paragraph 49 are from a website that is not maintained or operated by either of the named Defendants.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Sony denies that Motiva is entitled to any pre-filing damages. Sony lacks knowledge or information to form belief as to the truth to the remaining allegations set forth in paragraph 57, and therefore denies them.

## COUNT V

## U.S. PATENT NO. 9,427,659

58. Sony admits that the face of U.S. Patent No. 9,427,659 (the "'659 Patent") bears an issue date of August 30, 2016 and the title "Human Movement Measurement System." Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 58, and therefore denies them.

59. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59, and therefore denies them

60. Sony denies that it has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale within the United States any of the products and/or

systems alleged in paragraph 60. Sony also notes that the webpage images that are included in paragraph 60 are from a website that is not maintained or operated by either of the named Defendants.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Sony denies that Motiva is entitled to any pre-filing damages. Sony lacks knowledge or information to form belief as to the truth to the remaining allegations set forth in paragraph 67, and therefore denies them.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

68. Denied.

69. Denied.

70. Denied.

71. Sony admits that it had knowledge of the Asserted Patents sometime after the date of the filing of this action.

72. The allegations in paragraph 72 state a legal conclusion to which no response is required. Sony denies the remaining allegations of paragraph 72.

73. Denied.

74. Denied.

75. Denied.

## JURY DEMAND

Motiva's demand for a jury trial does not require a response.

## RESPONSE TO PRAYER FOR RELIEF

Sony denies the underlying allegations of Motiva's Prayer for Relief, denies that Motiva is entitled to any relief whatsoever, and requests that the Court deny all relief to Motiva, enter judgment in favor of Sony, and award Sony its costs and attorneys' fees as the prevailing party in the action.

## GENERAL DENIALS

Sony denies all allegations in the Complaint not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

Sony asserts the following additional defenses to the Complaint. In doing so, Sony does not assume any burden of proof on any issue that is Motiva's burden as a matter of law. Sony reserves the right to amend this Answer to add additional defenses as additional facts become known throughout the course of discovery in this action.

## FIRST DEFENSE

### (Invalidity)

One or more claims of the '151 Patent, the '483 Patent, the '354 Patent, '325 Patent, and the '659 Patent are invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability specified in Title 35 U.S.C., or the rules, regulations, and laws related thereto, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## SECOND DEFENSE

## (Non-infringement)

Sony has not infringed and currently does not infringe, either directly, contributorily, by inducement, jointly or in a divided manner, either literally or under the doctrine of equivalents, or otherwise, any valid and enforceable claim of the '151 Patent, the '483 Patent, the '354 Patent, '325 Patent, or the '659 Patent and is not liable for any infringement.

## THIRD DEFENSE

## (Lack of Personal Jurisdiction)

Personal jurisdiction in this suit is not proper over either Sony Defendant. As alleged in the Complaint, both Sony Defendants are Japanese corporations with each of their respective principal place of business in Japan, but neither of the Sony Defendants is a Texas corporation and neither of the Sony Defendants has any place of business in Texas. The Complaint alleges that both Sony Defendants intend to do and do business in Texas directly or through intermediaries, but it does not allege or plead facts tending to show that either Defendant makes, uses, sells, offers for sale, or imports, any of the Accused PlayStation® VR Products. And both Sony Defendants deny that they make, use, sell, offer for sale, or import products in Texas to such a degree that either Sony Defendant could be considered "at home" in Texas. The Complaint does not allege, and neither Defendant does in fact, exercise control over any third party located in the United States such that either of the Defendants is an alter ego of any third party. Therefore, the Complaint on its face has not pled facts sufficient to make out a *prima facie* showing of personal jurisdiction over either Sony Defendant and should be dismissed as to both Sony Defendants pursuant to Fed. R. Civ. P. 12(b)(2).

## FOURTH DEFENSE

### (Injunctive Relief Unavailable)

Motiva is not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements applicable to its request for injunctive relief in any form.

## FIFTH DEFENSE

### (Failure to Mark)

Motiva's claims for damages for purported patent infringement are limited at least in part by 35 U.S.C. § 287.

## SIXTH DEFENSE

### (No Willful Infringement)

Motiva has failed to set forth sufficient factual allegations in its Complaint to support an allegation of willful infringement. There are not sufficient pleaded facts in the Complaint to give rise to a plausible inference that either Sony Defendant acted—or will in the future act—recklessly despite an objectively high risk of infringement. Motiva's solitary request for treble damages under 35 U.S.C. § 284 in the Prayer for Relief is insufficient to give rise to a plausible claim of willful infringement.

## SEVENTH DEFENSE

### (Limitation on Damages and Costs)

Motiva's claim for damages and other remedies from Sony is barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288.

## EIGHTH DEFENSE

## (Extraterritoriality)

Motiva's claims for patent infringement are precluded in whole or in part to the extent that any accused acts are performed outside of the United States.

## RESERVATION OF RIGHTS

Sony reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## SONY'S PRAYER FOR RELIEF

WHEREFORE, Sony respectfully requests that this Court enter judgment in its favor and against Motiva, and grant the following relief:

a. A complete denial of Motiva's requests for damages, costs, attorney fees, injunction, and any other form of relief;

b. Dismissal with prejudice of all claims in Motiva's Complaint against Sony;

c. A permanent injunction restraining Motiva and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from charging, suing, or threatening, orally or in writing, that the '151 Patent, the '483 Patent, the '354 Patent, '325 Patent, and/or the '659 Patent have been infringed by Sony under any subsection of 35 U.S.C. § 271 or § 281;

d. A declaration that Sony has not infringed, contributed to the infringement of, or induced others to infringe, willfully, literally or under the doctrine of equivalents, any valid claim of the '151 Patent, the '483 Patent, the '354 Patent, '325 Patent, and/or the '659 Patent.

e. A declaration that one or more claims of the '151 Patent, the '483 Patent, the '354 Patent, '325 Patent, and/or the '659 Patent are invalid;

    f.   A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding to Sony its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees;

    g.   An award to Sony of its costs and disbursements in defending in this action brought by Motiva; and

    h.   An award to Sony of any and all further relief as this Court may deem just and proper.

## SONY'S DEMAND FOR JURY TRIAL

The Sony Defendants hereby demand a trial by jury on all issues so triable raised by Motiva's Complaint or by Sony's defenses thereto.

Dated: December 17, 2018

                                        Respectfully submitted,

                                        */s/ Abran J. Kean*
                                        Abran J. Kean (CO Bar 44660)
                                        Kelly R. Hughes (CO Bar 51177) (*Pro hac* to be filed)
                                        Erise IP P.A.
                                        5600 Greenwood Plaza Blvd., Suite 200
                                        Greenwood Village, CO 80111
                                        Phone: 913.777.5600
                                        Fax: 913.777.5601
                                        Abran.kean@eriseip.com
                                        Kelly.hughes@eriseip.com

                                        Eric A. Buresh (KS Bar 19895)
                                        Erise IP P.A.
                                        7015 College Blvd., Suite 700
                                        Overland Park, KS 66211
                                        Phone: 913.777.5600
                                        Fax: 913.777.5601
                                        Eric.buresh@eriseip.com

                                        *Counsel for Defendants Sony Corporation and Sony Interactive Entertainment Inc.*

        Melissa Smith (TX Bar 24001351)
        Gillam & Smith LLP
        303 Washington Avenue
        Marshall, TX 75670
        Phone: 903.934.8450
        Fax: 903.934.9257
        melissa@gillamsmithlaw.com

*Counsel for Defendants Sony Corporation and Sony Interactive Entertainment Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 17, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Abran J. Kean*
Abran J. Kean