**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| MOTIVA PATENTS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SONY CORPORATION ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 9:18-cv-00180-JRG-KFG<br><br>**LEAD CONSOLIDATED CASE**<br><br>JURY TRIAL DEMANDED |

**MOTIVA'S OPPOSITION TO HTC'S MOTION TO DISMISS**

The Court should deny HTC's motion to dismiss the allegations of indirect infringement and willful infringement from Motiva's complaint because Motiva has pleaded facts that make these allegations plausible.[1]

### 1. Indirect Infringement—Pre-Suit Knowledge

HTC first argues that Motiva's allegation of pre-suit indirect infringement should be dismissed because Motiva did not adequately plead pre-suit knowledge. Motion at 5.[2]

As HTC acknowledges, Motiva pleaded that HTC had "a policy or practice of not reviewing the patents of others (*including instructing its employees to not review the patents of others*), and thus has been willfully blind of Motiva's patent rights" in the pre-suit period. *Id.*

---

[1] HTC does not challenge Motiva's allegation that HTC has directly infringed.

[2] HTC does not dispute that Motiva adequately pleaded knowledge for purposes of post-filing indirect infringement. Nor could it. *See* Case No. 9:18-cv-00179; Dkt. No. 1 at ¶ 71 [Complaint] ("Defendant has knowledge of the Asserted Patents at least as of the date when it was notified of the filing of this action."); *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp.3d 928, 937 (E.D. Tex. 2016) (Bryson, J.) ("[A] complaint provides sufficient notice of the existence of the patents to support a claim of indirect infringement as to conduct following the filing of the initial complaint in the case."); *Uniloc USA, Inc.v Motorola Mobility LLC*, No. 2:16-cv-989-JRG, 2017 WL 3721064, *4 (E.D. Tex. May 15, 2018) (Gilstrap, J.) ("[T]his Court has long recognized that failing to allege pre-suit knowledge of the patent is not an adequate basis upon which to dismiss indirect infringement claims.").

1

(emphasis added). Motiva alleged knowledge in the pre-filing period because it believes that discovery will show that HTC affirmatively instructed its employees to avoid reading the patents of others. And Motiva has good reason to believe this: as Professor Mark Lemley has explained, companies like HTC are notorious for adopting such policies:

> *Virtually everyone does it.* They do it at all stages of endeavor. Companies and lawyers tell engineers not to read patents in starting their research, lest their knowledge of the patent disadvantage the company by making it a willful infringer. . . . This *intentional ignorance* of patent rights in the hands of others has led some to label major manufacturers in the IT industries "patent pirates."

*See, e.g.,* Ex. 1 at 21-22 [M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008)].[3] That is sufficient at the pleading stage. *See* Fed. R. Civ. P. 11(b)(3) (allowing allegations of fact on information and belief it they "will likely have evidentiary support after reasonable opportunity for further investigation or discovery").

Indeed, based on the same facts, this Court has previously denied a motion to dismiss the same allegation. *See Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp.3d 928, 938 (E.D. Tex. 2016) (Bryson, J.) ("Taking all inferences in Script's favor, it has pleaded that

---

[3] *See also* Edwin H. Taylor & Glenn E. Von Tersch, *A Proposal to Shore Up the Foundations of Patent Law that the Underwater Line Eroded*, 20 Hastings Comm. & Ent. L.J. 721, 737 (1998) ("As matters now stand many companies discourage employees from reading patents. This presumably lessens the chance that the company will be found to have knowledge of a patent."); Dennis Fernandez, *Move Over Letterman: Top 10 Most Common IP Management Mistakes for New Companies*, Pat. Strategy & Mgmt., July 1, 2003, at 3 ("Additionally, in many cases it may be appropriate for companies, as a matter of policy, to discourage looking at issued patents owned by other entities so as to avoid awareness of potentially infringing patents."); Mark A. Lemley & Ragesh K. Tangri, *Ending Patent Law's Willfulness Game*, 18 Berkeley Tech. L.J. 1085, 1100-01 (2003) ("[I]n-house patent counsel and many outside lawyers regularly advise their clients not to read patents if there is any way to avoid it. What you do know will certainly harm you, they reason, so it is generally better not to know. Thus, from the perspective of a potential infringer, ignorance is bliss."); Timothy B. Lee, *It's Normal for Software Companies to Ignore Patents*, Forbes Contributor post (2/27/2012) ("[A]lmost all software companies ignore their competitor's patents."); Tom Krazit, "*Why Tech Companies Want Engineers To Ignore Patents When Designing Products,*" Gigaom, Nov. 2, 2011 ("[S]everal companies in the tech industry *actively discourage* their engineers from thinking about whether concepts and products under development might have already been patented . . . .") (emphasis added).

defendant took an *affirmative action* to avoid gaining knowledge of the patents in suit—ignoring all patents as a matter of policy. . . . Script has sufficiently pleaded inducement . . . .") (emphasis added); *but see Nonend v. Apple, Inc.,* Case No. 2:15-cv-00466, 2016 WL 1253740, *2-3 (E.D. Tex. Mar. 11, 2016) (Payne, J.).

Despite this Court's ruling in *Script*, HTC accuses Motiva of making its allegation in bad faith. *See* Motion at 6-7 & n.3. HTC has even gone so far as to send a letter to Motiva accusing it of violating Rule 11 (although only *after* filing this motion and without attaching a Rule 11 motion as required by the rules). *See* Ex. 2 [12/19/18 Williams Letter]. HTC argues that Motiva's bad faith "is underscored by the fact that plaintiff's counsel routinely includes substantially the same conclusory allegation in other complaints in this District, including the two related cases." Motion at 7 n.3 (listing multiple cases previously filed by Motiva's counsel—but *not* the *Script* case where Judge Bryson rejected HTC's argument, even though it was also filed by Motiva's counsel). But the fact that Motiva's counsel has made the same or similar allegations in multiple other cases in no way shows bad faith. Because the allegation is based on the notorious fact that "virtually everyone does it"—and because Judge Bryson rejected the same challenge in *Script*—it makes perfect sense for this allegation to have been made in multiple cases.

2. **Induced Infringement—Identity of Underlying Direct Infringers**

HTC next argues that Motiva's allegations that HTC has induced infringement of its patents should be denied because Motiva has not plausibly alleged that HTC had the specific intent to cause another to directly infringe. Motion at 8. HTC first says this is so because Motiva did not identify the underlying direct infringers with sufficient specificity. Motion at 9 ("[T]he Complaint does not identify with any specificity any direct infringer, but merely refers to abstract 'end-users;' 'customers;' and unnamed 'affiliates, []third-party manufacturers, shippers,

3

retailers, or other persons acting on [HTC's] or [HTC's] affiliates' behalf.").

Both the Federal Circuit and this Court have rejected this argument. *See, e.g., In re Bill of Lading Transmission & Processing Sys. Patent Lit.,* 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("To state a claim for indirect infringement, . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325, 2016 WL 9275395, *3 (E.D. Tex. Oct. 19, 2016) (Gilstrap, J.) (ruling that the general allegations that "customers . . . directly infringe the [asserted patent] by using, importing, marketing, selling, or offering for sale the accused products" was sufficient to state a claim for induced infringement); *ZiiLabs Inc. v. Samsung Elec. Co. Ltd.*, No. 2:14-cv-203, 2015 WL 1456540, *3 (E.D. Tex. Mar. 30, 2015) (Gilstrap, J.) (ruling that an allegation that defendants "have induced, caused, urged, encouraged, aided, and abetted *their direct and indirect customers"* to infringe was sufficient to allege direct infringement by the defendants' customers); *Pers. Audio, LLC v. Google, Inc.*, No. 1:15-cv-350, 2017 WL 4837853, *7 (E.D. Tex. May 15, 2017) ("Identifying 'customers' and 'manufacturers' behind the indirect infringement claims is sufficient at the pleading stage.").

### 3. Induced Infringement—HTC's Acts Of Inducement

HTC also argues that Motiva has not plausibly alleged the specific intent required by inducement because Motiva has not pleaded "any actual, specific steps purportedly taken by HTC" that show that it specifically intended its customers to infringe. Motion at 9-10. But Motiva specifically pleaded that HTC committed acts of inducing infringement, including, for example, "distributing instructions that guide users to use the products in an infringing matter." *See* Member Case No. 9:18-cv-00179, Dkt. No. 1 at ¶ 68 [Complaint]. That alone is sufficient. *See, e.g., Cywee Group Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-cv-495, 2018 WL 3819392, *2 (E.D. Tex. Aug. 10, 2018) (Bryson, J.)] (holding that allegation that "Huawei provides manuals

and instructions . . . and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention" was sufficient to plead induced infringement for period in which Huawei had knowledge of the patents-in-suit); *Swipe Innovations, LLC v. Ingenico Corp.*, No. 9:12-cv-127, 2013 WL 12142379, *3 (E.D. Tex. Jan. 3, 2013) (Clark, J.) (holding inducement was adequately pleaded by allegations that defendants engaged in the steps of "advising and directing [of] customers [to infringe using accused instrumentalities]," "advertising or promoting the use [of accused instrumentalities to infringe]," and "distributing instructions that guide users to use the [accused instrumentalities to infringe]).

4.  **Contributory Infringement—No Substantial Non-Infringing Uses**

HTC argues that Motiva's contributory infringement allegation should be dismissed because Motiva did not adequately plead that the accused products do not have substantial non-infringing uses. Motion at 10. HTC first argues that Motiva alleges that the accused products have "special features" that have no substantial non-infringing uses, whereas "[t]he relevant inquiry is 'whether the accused products can be used for purposes other than infringement.'" Motion at 10 (quoting *In re Bill of Lading*, 681 F.3d 1323, 1338 (Fed. Cir. 2012)).

HTC's quote from *Bill of Lading* is taken out of context. A special feature of an accused product can be the basis of a contributory infringement claim. *See, e.g., Ricoh Company, Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008) (holding that one cannot "escape liability as a contributory infringer merely by embedding [the infringing component] in a larger product with some additional, separable feature before importing it and selling it"); *see also i4i Limited Partnership v. Microsoft Corp.*, 670 F.Supp.2d 568, 578 n.5 (E.D. Tex. 2009).

HTC also argues that Motiva's allegations are "threadbare recitals" of the required elements. Motion at 10. But Motiva specifically pleaded that the accused products have special

5

features that have no substantial use other than uses that infringe Motiva's patents. *See* Member Case No. 9:18-cv-00179, Dkt. No. 1 at ¶ 70 [Complaint]. Indeed, Motiva provided an example of such a special feature—the processing system of the accused products that receives the wireless signals from the remote communication devices—as determining movement information as required by the claims of the patents-in-suit. *Id*.

HTC says this is not enough because Motiva "**does not even refer to any particular accused product** . . . ." Motion at 11 (emphasis in original). But Motiva's contributory infringement pleading plainly refers to the "accused products" and HTC simply ignores that the "accused products" were identified earlier in the complaint. *See, e.g., id*. at ¶ 10 (identifying HTC's Vive, Vive Pro, and Vive BE Virtual Reality System as accused products).

### 5. Willful Infringement—Pre-Suit Knowledge

HTC argues that Motiva's willful infringement allegation should be dismissed because willful infringement (even ongoing post-filing willful infringement) must be based on pre-suit knowledge of the patents. Motion at 12. That is not the law. *See, e.g.*, Ex. 3 at 13 [*Plano Encryption Tech., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG (E.D. Tex. Sept. 22, 2017) (Gilstrap, J.)] ("[A]n allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement."). Motiva pleaded that the complaint put HTC on notice of the patents and that HTC's infringement is ongoing. *See* Member Case No. 9:18-cv-00179, Dkt. No. 1 at ¶¶ 68-72 [Complaint]. No more is required. (And even if HTC were correct about the law, HTC would still lose because Motiva has adequately pleaded pre-suit knowledge. *See* section 1 above.)

### 6. Willful Infringement—Egregiousness

HTC also argues that Motiva's allegations of willful infringement should be dismissed because the complaint fails to allege that HTC's conduct is sufficiently egregious. *See* Motion at

6

12 ("Here, the Complaint wholly fails to allege any conduct of HTC that could be 'characteristic of a pirate.'").  But Motiva alleged that HTC had knowledge of the patents, that HTC's customers are directly infringing, and that HTC has encouraged them to infringe.  Member Case No. 9:18-cv-00179, Dkt. No. 1 at ¶¶ 68-72 [Complaint].  These allegations are sufficient to state a claim for willful infringement at the pleading stage. *See, e.g., Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp.3d 928, 939 (E.D. Tex. 2016) (Bryson, J.) (rejecting argument that Script failed to plead facts showing that defendants' "actions constituted an unjustifiably high risk of infringement" because "Script has pleaded knowledge of the patent, that defendants' customers are infringing, and that the defendants encouraged this infringement").

### 7. Willful Infringement—Preliminary Injunction

Finally, HTC argues that Motiva's allegations of willful infringement should be dismissed because Motiva has not sought a preliminary injunction as required by *Seagate*.  Motion at 13.  This Court has squarely rejected that argument in circumstances where, as here, it makes little practical sense for a plaintiff to file a preliminary injunction.  *See, e.g.*, *Mobile Telecommunications Tech., LLC v. Sprint Nextel Corp.*, No. 2:12-cv-832-JRG-RSP, 2014 WL 12607768, at *1 (E.D. Tex. Aug. 25, 2014) (Payne, J.) (holding that *Seagate* did not create a *per se* bar to an allegation based on post-filing conduct where a preliminary injunction is not filed, and explaining why a non-practicing entity like Motiva need not move for a preliminary injunction to preserve an a claim of post-filing willfulness); *WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, No. 6:10-cv-457, 2012 WL 12903156, *2 (E.D. Tex. July 17, 2012) (Davis, J.) (holding that requiring a non-practicing plaintiff to move for a preliminary injunction to plead post-filing willful infringement "would be an unnecessary burden on the parties and the Court"); *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am.*, No. 9:08-cv-171, 2009 WL 9091275, *4 (E.D. Tex. Sept. 2, 2009) (Clark, J.) ("It would make little sense to implement a *per se* rule where a

[non-practicing] patentee who relies solely on post-filing conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief.").

HTC's reliance on *Opticurrent,* Motion at 13, is misplaced because the defendant there did not assert that it made little practical sense to move for an injunction because, for example, it was non-practicing entity. See Case No. 2:16-cv-325, Dkt. No. 17 [Opposition Brief]. And even if *Opticurrent* could be read as holding that *Seagate* stands for the proposition that a plaintiff must always move for a preliminary injunction to preserve the ability to assert post-filing willfulness, *Seagate* has been abrogated by the Supreme Court in *Halo*. See, e.g., *SimpliVity Corp. v. Springpath, Inc.*, No. 4:15-cv-13345 (D. Mass. July 15, 2016) ("*Seagate's* rule against enhanced damages absent a motion for a preliminary injunction (or other unique circumstances) no longer applies. This reading comports with *Halo's* guiding principle that 'Section 284 gives district courts the discretion to award enhanced damages against those guilty of patent infringement,' and that district courts should wield this power justly but freely. . . . Accordingly, SimpliVity's failure to move for a preliminary injunction does not render unavailable an award of enhanced damages.").

\*   \*   \*

For the foregoing reasons, the Court should deny HTC's motion to dismiss. If the Court finds any deficiencies in Motiva's complaint requiring dismissal, Motiva requests leave to file an amended complaint to address them. See Fed. R. Civ. P. 15(a) ("The court should feely give leave [to amend] when justice so requires."); *Potter v. Bexar County Hosp. Dist.,* 195 Fed. App'x 205, 208 (5th Cir. 2006) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

Dated: December 21, 2018

Respectfully submitted,

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
The People's Petroleum Building
102 N College Ave., 13th Floor
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Motiva Patents, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli