# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| MOTIVA PATENTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SONY CORPORATION ET AL.,<br><br>    Defendant. | CIVIL ACTION NO. 9:18-CV-180-JRG-KFG<br><br>LEAD CONSOLIDATED CASE<br><br>JURY TRIAL DEMANDED |

**HTC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(6)**

## TABLE OF CONTENTS

I.      Introduction ...........................................................................................................................1

II.     Argument and Authorities.....................................................................................................1

        A.      The Complaint does not sufficiently allege pre-filing knowledge............................1

        B.      The Complaint does not support a plausible inference that HTC specifically intends to cause others to directly infringe the asserted patents............2

        C.      The Complaint's contributory infringement allegations should be dismissed because they are based solely on conclusory legal assertions.................4

        D.      Motiva's willful infringement claims should be dismissed because the Complaint does not adequately plead egregious behavior......................................4

III.    Conclusion ............................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Addiction & Detoxification Inst. L.L.C. v Carpenter,*
620 Fed. Appx. 934 (Fed. Cir. 2015) ............................................................................................ 3

*Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*,
No. 15-cv-915-RGA, 2018 WL 620968 (D. Del. Jan. 30, 2018) .................................................. 5

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...................................................................................................................... 4

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-00751-JDL, 2015 WL 5000397 (E.D. Tex. June 3, 2015) ..................................... 4

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-00752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. August 14, 2015) ...................... 3

*CyWee Group Ltd. v. Huawei Device Co. Ltd.*,
No. 2:17-cv-495, 2018 WL 3819392 (E.D. Tex. Aug. 10, 2018) .......................................... 2, 3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) ................................................................................................................. 5

*Health Choice All., LLC, on behalf of United States v. Eli Lilly & Co., Inc.,*
No. 5:17-CV-123-RWS-CMC, 2018 WL 4026986 (E.D. Tex. July 25, 2018) ........................... 2

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
594 F.3d 383 (5th Cir. 2010) ....................................................................................................... 1

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
Civil Action No. 2:16-cv-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ................ 4

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
843 F.3d 1315 (Fed. Cir. 2016) .................................................................................................... 2

*Script Security Solutions L.L.C. v. Amazon.com, Inc.*,
170 F. Supp. 3d 928 (E.D. Tex. 2016) .................................................................................... 2, 5

**Other Authorities**

Tom Krazit, *"Why Tech Companies Want Engineers To Ignore Patents When Designing Products,"* Gigaom, Nov. 2, 2011 ................................................................................................. 2

## I.  INTRODUCTION

Motiva's Opposition (Dkt. No. 27; "Opp.") fails to demonstrate that Motiva has properly pleaded both indirect infringement and willful infringement. Motiva's allegations of indirect infringement and willful infringement should therefore be dismissed in their entirety.

## II.  ARGUMENT AND AUTHORITIES

### A.  The Complaint does not sufficiently allege pre-filing knowledge.

Motiva does not dispute that the Complaint fails to allege that HTC had actual pre-filing knowledge of the asserted patents. Opp. at 1-3. Instead Motiva relies solely on its allegation that HTC has been "willfully blind" to Motiva's patent rights. *Id.* Motiva's "good reason to believe this" is based on years-old press clippings that, according to Motiva, explain how "companies like HTC are notorious for adopting such policies." *Id.* Motiva's argument fails for several reasons.

First, Motiva's proffered "good reason" appears nowhere in the Complaint. There is no mention of any potentially well-pleaded fact providing a basis for this assertion. Motiva's conclusory allegation on its own does not support a plausible inference that HTC was willfully blind of anything, and Motiva cannot now attempt to create a "good reason" through the inclusion of its proffered extraneous materials. *See Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss . . . .").

Second, even if considered by the Court—which they cannot be—these articles do not provide a good faith basis. Motiva presents as fact that "virtually everyone" engages in willful blindness, but each article is more than six years old, none of them mention HTC, and one even states, "It's not clear that everyone in tech thinks this way." *See* Tom Krazit, *"Why Tech Companies Want Engineers To Ignore Patents When Designing Products,"* Gigaom, Nov. 2, 2011. Given that **not** everyone acts with willful blindness and the dearth of any statement specifically

naming HTC or referencing any alleged HTC policy, Motiva's reference to these articles merely speculates that HTC has a policy of willful blindness.  "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Health Choice All., LLC, on behalf of United States v. Eli Lilly & Co., Inc.,* No. 5:17-CV-123-RWS-CMC, 2018 WL 4026986, at *5 (E.D. Tex. July 25, 2018) (Craven, Mag. J.).  Motiva therefore has no basis for its willful blindness allegations.

Third, Motiva's reliance on the *Script Security* decision is misplaced because *Script Security* is distinguishable.  The complaint there alleged that "[Defendant] knew of the [asserted patents] before . . . filing." *See Script Security Solutions L.L.C. v. Amazon.com, Inc.*, No. 2:15-cv-01030-WCB, Dkt. No. 57 ¶ 25 (E.D. Tex. Nov. 18, 2015).  On those pleaded facts, and "[r]eading the complaints as a whole," the Court found the plaintiff had "sufficiently pleaded inducement." *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 938 (E.D. Tex. 2016) (Bryson, J.).  Here, as Motiva concedes, HTC had no actual pre-filing knowledge.

For these reasons, Motiva has failed to adequately plead that HTC had the requisite pre-filing knowledge to plead indirect infringement.

### B. The Complaint does not support a plausible inference that HTC specifically intends to cause others to directly infringe the asserted patents.

Contrary to its argument, Motiva has not adequately pleaded that HTC committed acts of inducement.  With no reference to any actual instructions, Motiva's generic allegations fail to allege that HTC "intended others to use its products in . . . ways that would infringe." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc*., 843 F.3d 1315, 1330 (Fed. Cir. 2016).

Motiva's reliance on *CyWee* is misplaced.  In *CyWee*, the Court found that the complaint (a) delineated which uses of the accused products were infringing; (b) included "exemplary allegations of direct infringement in great detail;" and (c) attached exemplary user manuals. *See CyWee Group Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-cv-495, 2018 WL 3819392, at *4 (E.D.

2

Tex. Aug. 10, 2018) (Bryson, J.). The Court in *CyWee* found that "[t]his is not a case in which the complaint merely cites conclusory allegations that mirror the legal standard." *Id.* But here, Motiva's Complaint is devoid of any such content. Motiva does not describe any functionality of the accused products. Instead Motiva provides only the barest description of direct infringement, merely parroting claim language (*see* Compl. ¶¶ 10-17, 22-31, 36-44, 49-55, 60-65), and Motiva does not identify any specific steps purportedly taken by HTC—instead merely appending "in an infringing manner" to a list of generic business activities," *see id.* ¶¶ 68-69. *See CyWee Group Ltd.*, 2018 WL 3819392, at *4 (warning against statements that "merely cite[] conclusory allegations that mirror the legal standard"). Motiva's allegations are therefore insufficient.

Motiva's reliance on *Swipe Innovations*, *Swipe Innovations, LLC v. Ingenico Corp.*, No. 9:12-cv-127, 2013 WL 12142379 (E.D. Tex. Jan. 3, 2013) (Clark, J.) is distinguishable. In *Addiction & Detoxification Institute L.L.C. v. Carpenter,* the Federal Circuit held that bare allegations that the defendants acted "with specific intent to urge, instruct, encourage infringement by causing[,] urging, aiding, or instructing others [to infringe]" were insufficient. 620 Fed. Appx. 934, 938 (Fed. Cir. 2015). Motiva's claims here similarly "simply recite[] the legal conclusion that [HTC] acted with specific intent" and include a generic list of business activities. *See id.* "[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-00752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.).

The Complaint thus fails to support an inference that HTC intended others to infringe, and so Motiva's allegations of pre- and post-filing induced infringement should be dismissed.

### C. The Complaint's contributory infringement allegations should be dismissed because they are based solely on conclusory legal assertions.

The Complaint's allegations of pre- and post-filing contributory infringement should be dismissed because they are "threadbare recitals" of required elements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Motiva provides no factual support to allow "[a] reasonable inference that [HTC] is liable for the misconduct alleged." *Id.* Without more, "it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-00751-JDL, 2015 WL 5000397, at *5 (E.D. Tex. June 3, 2015) (Love, Mag. J.).

While the Opposition argues that Motiva's allegations are not "threadbare" because it included "an example of . . . a special feature," Opp. at 6, the only cited example is merely a recitation of claim language from among the five asserted patents. *Compare* Compl. ¶ 70 *with* '151 patent at claim 1. Motiva's allegation makes no attempt to tie the claim language to any specific feature in the accused products. Motiva's claims for pre- and post-filing contributory infringement should therefore be dismissed.

### D. Motiva's willful infringement claims should be dismissed because the Complaint does not adequately plead egregious behavior.

A complaint can provide the knowledge necessary for a claim of post-filing willful infringement, but it must also allege egregious behavior in order to carry that claim. *See, e.g., Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, Civil Action No. 2:16-cv-1032-JRG, 2017 WL 8727249, at *6 (E.D. Tex. Sept. 22, 2017) (Gilstrap, J.).

Motiva concedes that the Complaint does not allege that HTC had actual knowledge of the asserted patents. *See* Opp. at 1-3. Instead Motiva merely alleges willful blindness. Motiva's pre-filing willful infringement claims should be dismissed because willful infringement must be "intentional or knowing"— alleging willful blindness is not sufficient. *See, e.g.*, *Plano Encryption*,

4

2017 WL 8727249, at *2 ("A claim for willful infringement <u>must allege that infringement was intentional or knowing</u>." (emphasis added)).

For post-filing willfulness, Motiva has not alleged that HTC engaged in conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, [or] flagrant." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Motiva states that it "alleged that HTC had knowledge of the patents, that HTC's customers are directly infringing, and that HTC has encouraged them to infringe," and says that is "sufficient to state a claim for willful infringement at the pleading stage." Opp. at 7. Motiva's argument is incorrect, and its reliance on *Script Security* is misplaced because Motiva has not pleaded actual pre-filing knowledge. *See Script Security*, 170 F. Supp. 3d at 939.

Even if Motiva's allegations of willful blindness were sufficient to establish knowledge, which they are not, Motiva has not pled egregious behavior, which requires "<u>deliberate, consciously wrongful</u>" behavior. *See Halo*, 136 S. Ct. at 1932 (emphasis added); *see also Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*, No. 15-cv-915-RGA, 2018 WL 620968, *7 (D. Del. Jan. 30, 2018) (finding that, if willful blindness applies to willful infringement at all, "it only substitutes for actual knowledge, as opposed to egregious behavior"). Willful blindness does not evince the **specific, deliberate** conduct of willful infringement. Accordingly, the Complaint has failed to allege the requisite egregious behavior, and its claims for pre- and post-filing willful infringement should be dismissed.

### III. CONCLUSION

For the foregoing reasons, HTC respectfully requests that the Court grant its motion to dismiss Motiva's allegations of indirect infringement and its allegations of willful infringement.

Dated:  December 28, 2018                    Respectfully submitted,

                                              */s/ Fred I. Williams*
                                              Fred I. Williams *(Lead Attorney)*
                                              State Bar No. 00794855
                                              fwilliams@velaw.com
                                              Mario A. Apreotesi
                                              State Bar No. 24080772
                                              mapreotesi@velaw.com
                                              VINSON & ELKINS LLP
                                              2801 Via Fortuna, Suite 100
                                              Austin, TX  78746
                                              512.542.8400 telephone
                                              512.542.8610 facsimile

                                              Todd E. Landis
                                              State Bar No. 24030226
                                              tlandis@velaw.com
                                              VINSON & ELKINS LLP
                                              2001 Ross Avenue, Suite 3700
                                              Dallas, TX  75201
                                              214.220.7700 telephone
                                              214.220.7716 facsimile

                                              Harry L. Gillam, Jr.
                                              State Bar No. 07921800
                                              GILLAM & SMITH LLP
                                              303 South Washington Avenue
                                              Marshall, TX  75670
                                              903.934.8450 telephone
                                              903.934.9257 facsimile
                                              gil@gillamsmithlaw.com

                                       **ATTORNEYS FOR HTC CORPORATION**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of December, 2018, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                              */s/ Fred I. Williams*
                                              Fred I. Williams