IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MOTIVA PATENTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SONY CORPORATION ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 9:18-cv-00180-JRG-KFG<br><br>**LEAD CONSOLIDATED CASE**<br><br>JURY TRIAL DEMANDED |

**MOTIVA'S SUR-REPLY OPPOSING HTC'S MOTION TO DISMISS**

In reply, HTC does not attempt to defend many of the pleading arguments that it made in its opening brief—arguments that the Court has already soundly rejected. Nevertheless, based on its remaining pleading arguments, HTC continues to seek dismissal of Motiva's claims of indirect and willful infringement. But HTC's remaining pleading arguments have also already been soundly rejected by the Court. HTC has no good reason for a different result here.

    **1.    Indirect Infringement—Pre-Suit Knowledge**

*Script* squarely rejects HTC's argument that Motiva did not adequately plead pre-suit knowledge. HTC argues in reply that Motiva's reliance on *Script* is "misplaced" because in *Script* there was an allegation of *actual* pre-filing knowledge, not just knowledge based on willful blindness. *See* Reply at 2. That is plainly wrong.

In *Script*, the allegation of pre-filing knowledge was based solely on willful blindness—just as it is here. *See Script Security Solutions L.L.C. v. Amazon.com, Inc.,* 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016) (Bryson, J.) ("For the portion of alleged induced infringement occurring before the first complaint, *Script relies on willful blindness to plead knowledge.*") (emphasis added). Indeed, Judge Bryson concluded that this allegation of willful blindness was alone sufficient to plead knowledge in the pre-filing period. *See id.* at 938. ("Taking all inferences in

1

Script's favor, it has pleaded that the defendant took an affirmative action to avoid gaining knowledge of the patents in suit—*ignoring all patents as a matter of policy.* . . . Script has sufficiently pleaded inducement . . . .") (emphasis added).

HTC tries to obscure this by citing Script's allegation of pre-filing knowledge, as if it means that Script alleged *actual* pre-filing knowledge. *See* Reply at 2 (citing *Script* complaint). But willful blindness is a form of knowledge. *See, e.g., Global Tech. Appliances, Inc. v SEB SA*, 563 U.S. 754, 766 (2011). So Script did not plead *actual* pre-filing knowledge merely by alleging pre-filing knowledge. Indeed, as *Script* makes clear, Script relied solely on willful blindness to plead knowledge in the pre-filing period. *Script*, 170 F. Supp.3d at 937. That is also confirmed by the briefing, where Script's only basis for alleging pre-filing knowledge was willful blindness. *See, e.g.*, Ex. 1 at 2, 5 [Script Response to MTD].

HTC also argues that the series of articles that Motiva cited in response to HTC's accusation of bad faith cannot be considered because they are outside of the pleadings. Reply at 1. But it was HTC who first alleged matters outside of the pleadings. HTC felt it appropriate to accuse Motiva's counsel of bad faith based on allegations that Motiva's counsel pleaded in other cases for other clients—even though those allegations were previously upheld by this Court in *Script*. It was only in response to that baseless accusation that Motiva cited the series of articles confirming the notorious fact that companies like HTC take *affirmative* steps to avoid learning of the patents of others that may cover their products. Based on that notorious fact, Motiva has a good faith basis to believe that discovery will show that HTC was willfully blind to Motiva's patents. No more is required at the pleading stage.

To be clear, as in *Script*, whether Motiva has a good faith basis for its accusation is not really at issue on HTC's motion (and certainly does not need to be pleaded). What matters for HTC's motion is whether Motiva's allegation is plausibly pleaded. And while HTC may deny

Motiva's allegation, it is certainly plausible that HTC has adopted the widespread policy and practice of avoiding reviewing the patents of others.

2. **Induced Infringement—Identity of Underlying Direct Infringers**

HTC no longer argues that the underlying direct infringers must be specifically identified.

3. **Induced Infringement—HTC's Acts Of Inducement**

HTC continues to insist that Motiva's alleged acts of inducement are generic and merely mirror the legal standard. Reply at 2-3. Not so. Motiva alleged that HTC encouraged its customers and end-users to use the accused products by advertising and promoting how to use them, including by distributing instructions that guide users how to do so. *See* Member Case No. 9:18-cv-00179, Dkt. No. 1 at ¶ 68 [Complaint]. Motiva also alleged that HTC induced others (including its affiliates and its third-party manufacturers) through contractual relationships to import the accused products into the United States. *See id.* at ¶ 69 And Motiva alleged that HTC provided such affiliates and third-party manufacturers with directions to import or sell the accused products. *See id.* Motiva's allegations that HTC engaged in these specific acts of indirect infringement are sufficient at the pleadings stage. *See* Opp. at 4-5.

HTC now argues in reply that Motiva did not provide enough detail about the underlying direct infringement that it is alleged to have induced *See, e.g.,* Reply at 3 ("Motiva does not describe any functionality of the accused products."); *id.* ("Motiva provides only the barest description of direct infringement, merely parroting claim language . . . .") *id.* (criticizing Motiva for merely appending "in an infringing manner" to descriptions of how the direct infringers used the accused products after being induced to do so by HTC). But the details of how the accused products match up to the limitations of the asserted claims will be provided as required by Patent L.R. 3-1; they are not required at the pleadings stage. *See, e.g., Uniloc USA, Inc. v. Avaya Inc.,* No. 6:15-cv-1175-JRG, 2016 WL 7042236, *3-*4 (E.D. Tex. May 13, 2016) (Gilstrap, J.).

### 4. Contributory Infringement—No Substantial Non-Infringing Uses

In reply, HTC no longer argues that the entire accused products must have no substantial non-infringing uses. Nor does HTC continue to argue that Motiva did not identify the accused products. HTC's only remaining argument is that "Motiva's allegation makes no attempt to tie the claim language to any specific feature of the accused product." Reply at 4. But at the pleading stage, Motiva is not required to explain how the features of the accused products line up with the limitations of the asserted patent claims. That is a matter for infringement contentions to be served under Patent L.R. 3-1. *See, e.g., Uniloc,* 2016 WL 7042236 at*3-*4.

### 5. Willful Infringement—Pre-Suit Knowledge

HTC now concedes that "[a] complaint can provide the knowledge necessary for a claim of post-filing willful infringement" and that pre-suit knowledge is not necessary. Reply at 4.

### 6. Willful Infringement—Egregiousness

For post-filing willful infringement, HTC now cites *Plano Encryption* as holding that a complaint must "allege egregious behavior" beyond knowledge. *See* Reply at 4. But Motiva cited *Plano Encryption* precisely because it rejects HTC's argument. *See* Opp. at 6. True, the Court there said that a plaintiff must plead "more than mere knowledge of the patent as of the date of service to support a claim of willful infringement." *See* Opp. Ex. 3 at 13 [*Plano Encryption Tech., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG (E.D. Tex. Sept. 22, 2017) (Gilstrap, J.)]. But the Court said—in the very next sentence—that the "more" could be "an allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint . . . ." *Id.* Motiva specifically alleged that HTC's indirect infringement "is ongoing," thus pleading the required "more." *See* Member Case No. 9:18-cv-00179, Dkt. No. 1 at ¶¶ 68- 70 [Complaint].

For pre-filing willfulness, HTC argues that willful blindness is not sufficient to establish knowledge. Reply at 4. And HTC argues that even if willful blindness were sufficient to establish knowledge, it is insufficient to establish sufficiently egregious behavior. Reply at 5. HTC is wrong on both counts. As discussed in section 1 above, willful blindness is sufficient to establish knowledge. And in *Script*, the Court ruled that the same allegations made here—including an allegation of knowledge based on willful blindness—stated sufficiently egregious behavior to survive a motion to dismiss. *See Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp.3d 928, 939 (E.D. Tex. 2016) (Bryson, J.) (rejecting argument that Script failed to plead facts showing that defendants' "actions constituted an unjustifiably high risk of infringement" because "Script has pleaded knowledge of the patent, that defendants' customers are infringing, and that the defendants encouraged this infringement").

Finally, HTC argues that Motiva's reliance on *Script* "is misplaced because Motiva has not pleaded *actual* pre-filing knowledge." Reply at 5 (emphasis added). It is not clear what HTC intends by this argument. There was no pleading of actual pre-filing knowledge in *Script*. As discussed in section 1 above, the allegations of pre-filing knowledge in *Script*—just like the allegations here—were based on willful blindness, not actual knowledge. And Motiva has alleged actual post-filing knowledge (based on the filing of the complaint), just as actual post-filing knowledge was pleaded in *Script*. So *Script* is squarely on point here. Under *Script*, HTC's motion must be denied.

### 7. Willful Infringement—Preliminary Injunction

HTC no longer argues that Motiva's claim of willful infringement in the post-filing period is barred by its failure to seek a preliminary injunction.

\* \* \*

For the forgoing reasons, the Court should deny HTC's motion.

Dated: January 2, 2019

Respectfully submitted,

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Susan Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
The People's Petroleum Building
102 N College Ave., 13th Floor
Tyler, Texas 75702
(903) 593-7000

*Attorneys for Motiva Patents, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli