*** FILED UNDER SEAL—RESTRICTED—ATTORNEYS EYES ONLY ***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MOTIVA PATENTS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SONY CORPORATION ET AL.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 9:18-cv-00180-JRG-KFG<br><br>**LEAD CONSOLIDATED CASE**<br><br>JURY TRIAL DEMANDED |

### OPPOSITION TO HTC'S MOTION FOR A PROTECTIVE ORDER REGARDING PATENT LICENSES

Motiva has requested a narrowly tailored set of license agreements: those that (1) relate to virtual reality, video games, or user-input devices; (2) require payment of a lump-sum of more than $1,000,000; or (3) require payment of a running royalty. This Court has repeatedly ordered production of this scope of license agreements. *See, e.g.,* Ex. 1 at 10-11 [*Abstrax, Inc. v. Hewlett-Packard Co.,* No. 2:14-cv-158, Dkt. No. 192 (E.D. Tex. Jan. 29, 2015) (Gilstrap, J.)] (ordering production of all patent licenses that (1) bear a running royalty; (2) call for payment of at least $10M; (3) cover general technical areas related to the technology at issue in the case; or (4) were with a range of large corporations active in the space); Ex. 2 at 1-3 [*Mirror Worlds Tech. v. Apple Inc.,* No. 6:13-cv-419, Dkt. No. 441 (E.D. Tex. March 16, 2016) (Schroeder, J.)] (ordering discovery on any patent license, irrespective of the technology at issue, that (1) involves a payment of more than $20 million or (2) bears a running royalty).

HTC did not produce a single patent license agreement until the end of discovery. At the end of discovery, HTC produced four license agreements that HTC's counsel cherry-picked from a larger set that had been identified as relevant to the technology at issue in this action by HTC— *and that HTC provided to its counsel in this action*. *See* Ex. 3 at 54:3-56:10 [Rough Yu

1

Transcript].[1] ███████████████████████████████████████████

███████████████████████████████████████████████████

████████████████

HTC refused to produce any other license agreements requested by Motiva. HTC also refused to provide a witness to testify about any patent license agreement other than the four it selected. (And she was not even adequately prepared to testify about them.) HTC justified its refusal to produce license agreements, or to have a witness prepared to testify about them, based on its filing of this motion for a protective order.

In order to prevail on its motion for a protective order, the moving party is required to establish good cause. *See* Fed. R. Civ. P. 26(c)(1) (the Court "may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). The party seeking a protective order bears the burden "to show the *necessity* of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (emphasis added). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985).

---

[1] The witness's obfuscation on this issue, as well as HTC's counsel's improper speaking objections and improper instructions, were truly remarkable. *See, e.g.,* Ex. 3 at 42:15-58:10 [Yu Transcript (Rough)]. HTC appears to have been well aware that it was withholding important information.

HTC has not met its burden. HTC's sole argument is that the licenses it wishes to withhold from discovery are not relevant because they do not qualify as "comparable" licenses for purposes of the *Georgia-Pacific* damages analysis. *See* Motion at 3-4. But "comparability" is what Motiva must show ***at trial*** to rely on a license agreement for purposes of its damages case. HTC's unilateral decisions about which licenses are "comparable" is not a good basis for withholding them ***during discovery***. *See, e.g.,* Ex. 8 at 4 [*CyWee Group Ltd. v. Samsung Elec. Co., Ltd.*, No. 2:17-cv-00140, Dkt. No. 62 (E.D. Tex. Jan. 23, 2018) (Payne, J.)] ("Although only comparable licenses are proper in a hypothetical-negotiation analysis, Defendants' position allows them to unilaterally decide which licenses are comparable and therefore worthy of production. CyWee should be able to explore whether Defendants' selection of "comparable" licenses is too exclusive, and Defendants' identification of the requested licenses is part of allowing CyWee to do so."); Ex. 9 at 2 [*Ericsson Inc. v. TCL Comm. Tech. Holdings, Ltd.,* No. 2:15-cv-00011, Dkt. No. 334 (E.D. Tex. Oct. 24, 2017) (Payne, J.)] ("Rule 26 allows discovery of any document that is relevant to a party's claim or defense, and the document need not be admissible to be discoverable. Even if the third-party agreement is not comparable under *Georgia-Pacific*, as TCL suggests, this does not mean that TCL can insulate the document from discovery.").[2]

HTC has also failed to show that it would be unduly burdensome for it to produce the scope of patent licenses requested by Motiva. Indeed, HTC's corporate witness recently testified

---

[2] The only decision HTC points to from this district that denies the discovery sought by Motiva is *Snyders Heart Valve*. *See* Motion at 4. That order was based solely on a discovery call, without the benefit of briefing. Moreover, in that case the damages model presented was based on a profit split rather than a royalty based on comparable licenses.

that she has already identified—and turned over to HTC's counsel in this action—many more relevant license agreements. See Ex. Ex. 3 at 54:3-56:10 [Rough Yu Transcript].  HTC has provided absolutely no evidence that it would have been unduly burdensome to produce those agreements, or any other agreement falling within the scope requested by Motiva.

\*     \*     \*

For the foregoing reasons, the Court should deny HTC's motion for a protective order and order immediate production of the requested patent license agreements.

Dated: October 3, 2019                                   Respectfully submitted,

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Susan Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
The People's Petroleum Building

*** FILED UNDER SEAL—RESTRICTED—ATTORNEYS EYES ONLY ***

102 N College Ave., 13th Floor
Tyler, Texas 75702
(903) 593-7000

*Attorneys for Motiva Patents, LLC*

*** FILED UNDER SEAL—RESTRICTED—ATTORNEYS EYES ONLY ***

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October 2019, I served the foregoing on HTC by email. I will promptly confer with counsel for HTC to prepare a redacted version of this filing for public filing.

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that I am authorized to file this motion under seal because it contains information designated confidential by HTC Corporation under the Protective Order entered by the Court.

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli